NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RIGOBERTO MENDOZA-PABLO, AKA
Rogoberto Mendoza-Pablo,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-71904

Agency No. A205-489-494

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Rigoberto Mendoza-Pablo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

In his opening brief, Mendoza-Pablo does not challenge the agency's denial of cancellation of removal or CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to cancellation of removal and relief under CAT.

Mendoza-Pablo also does not challenge the agency's determination that his proposed social groups based on being a "healthy young man" or a "young indigenous Guatemalan" were not cognizable. *See id.* The agency did not err in finding that Mendoza-Pablo's proposed social group based on resistance to gang recruitment was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially

distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (finding that young men in Guatemala who resist gang recruitment did not constitute a particular social group). Thus, Mendoza-Pablo's asylum and withholding of removal claims fail.

We lack jurisdiction to consider Mendoza-Pablo's contentions that his past harm rose to the level of persecution because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**